UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---
DONALD GRIFFIN,

                                  Plaintiff,        9:09-CV-1334
                                                 (TJM/DEP)

        v.

GEORGE ALEXANDER, Chairman, NYS Board of Parole,

                                  Defendant.
---
APPEARANCES:

DONALD GRIFFIN
Plaintiff, *pro se*
87-A-0320
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

THOMAS J. McAVOY, SENIOR DISTRICT COURT JUDGE

## DECISION and ORDER

**I.    Introduction**

Presently before this Court for consideration is *pro se* plaintiff Donald Griffin's amended complaint, application for *in forma pauperis* status, and request for injunctive relief.  Dkt. Nos. 2, 4, 5.[1]

**II.   Discussion**

After reviewing the information that plaintiff provided in his *in forma pauperis* application, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*.  Therefore, the Court must now consider the sufficiency of the

---

[1] This is the eighth civil rights action filed by plaintiff in the Northern District.  Plaintiff's previous actions were dismissed at his request during the period December, 2001 through June, 2002.  According to plaintiff, "fighting against the state after it received such an undeserved blow [on September 11, 2001], became unthinkable to me." Dkt. No. 5 at 3.

allegations that he has set forth in his amended complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]  Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[3]

Plaintiff complains that he was denied discretionary parole release following an appearance before Parole Commissioners Lemons and Hernandez in October, 2008 in violation of his First Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000 et seq. ("RLUIPA").

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

Dkt. No. 5.[4] According to plaintiff, his refusal to participate in his assigned program - the Sex Offender Treatment Program ("SOTP") - was cited by the parole board as a basis for denying release. Plaintiff alleges that he has refused to participate in the SOTP because successful completion thereof would require him to admit facts which are not true, and that engaging in the "sinful practice of lying" violates his religious beliefs. *Id*. at 3.[5]

The sole defendant named in the amended complaint is George Alexander, Chairman of the New York State Division of Parole. Dkt. No. 5 at 1. Plaintiff does not allege that Defendant Alexander was personally involved the parole determination complained of by plaintiff. Rather, plaintiff claims that defendant Alexander has "condoned" the allegedly unlawful actions taken by Commissioners Lemons and Hernandez. Plaintiff seeks an order of this Court directing defendant to "release plaintiff to discretionary parole supervision" and prohibiting the imposition of release conditions on plaintiff related to his refusal to program. *Id*. at 6. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

As noted, plaintiff seeks an order of this Court directing his release from prison to discretionary parole supervision. To the extent that plaintiff seeks to alter the fact or

---

[4] The parole commissioners are not named as a defendants in this action. Plaintiff filed an appeal of the parole board's determination in November, 2008, to which no response was received. *See* Dkt. No. 5 at 3. Plaintiff then filed an Article 78 proceeding in the Albany County Supreme Court. By Order dated October 29, 2009, the respondent was directed to afford plaintiff a de novo parole release interview . *See* Dkt. No. 1 at 22-23. This relief followed respondent's concession that the parole board had been provided and had relied upon erroneous information regarding plaintiff's disciplinary history in rendering its decision. *Id.*

[5] Plaintiff also complains that the Albany County Supreme Court improperly declined to determine the merits of his Article 78 petition challenging the parole determination. *Id*. at 4.

3

duration of his custody, he is advised that such relief may only be obtained by way of a habeas corpus petition.  *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).  Because the relief sought by plaintiff is beyond the purview of this Court in this civil rights action, the amended complaint, as drafted, fails to state a claim upon which relief may be granted and is therefore subject to dismissal.

Dismissal of the amended complaint is also warranted because plaintiff has failed to allege facts sufficient to state one or more claims for relief which are "plausible" on their face.  Plaintiff's First Amendment claim arises, if at all, pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

In order to proceed with his claim that he was denied parole in violation of his constitutional rights, it must appear that plaintiff enjoyed a protected liberty interest under New York's statutory scheme for determining whether to grant or deny parole.

*Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (per curiam).  It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations.  *Barna*, 239 F.3d at 171.[6]  Moreover, while relief may be available pursuant to § 1983 in limited circumstances where it appears that a plaintiff was denied parole release "arbitrarily" or "capriciously," for example, based on an inappropriate consideration of a protected classification (such as race, religion, gender, economic status, etc.) or an "irrational distinction," *see Standley v. Dennison*, No. 9:05-CV-1033, 2007 WL 2406909 *1 (N.D.N.Y. Aug. 21, 2007) (quoting *Yourdon v. Johnson*, 01-CV-812E, 2006 WL 2811710 at *2 (W.D.N.Y. Sept. 28, 2006)), the Court finds that the amended complaint fails to state such a claim.  Plaintiff does not identify himself as a member of a protected class nor does he allege that he was denied parole release based upon an "irrational distinction" having been made between himself and other inmates.

The Court also finds that RLUIPA does not provide a basis for the assertion of plaintiff's claims regarding the SOTP against defendant Alexander.  RLUIPA prohibits the government from imposing a substantial burden on a prisoner's religious exercise unless the burden is the least restrictive means of furthering a compelling governmental

---

[6] The decision of the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), allowing a § 1983 action by Ohio prisoners challenging the constitutionality of that state's parole process, is not to the contrary. The *Wilkinson* Court "did not create or comment on any constitutional entitlements relating to parole." *Standley, supra*, 2007 WL 2406909 at *1.  Thus, alleged violations of procedural requirements of the New York parole scheme "are matters for consideration by the state courts." *Boothe v. Hammock*, 605 F.2d 661, 665 (2d Cir. 1979).

5

interest. *See* 42 U.S.C. § 2000cc-l(a). For a burden to be substantial, a plaintiff must demonstrate that the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith. In addition, this interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine. *Pugh v. Goord*, 571 F.Supp.2d 477, 504-05 (S.D.N.Y. 2008); *Graham v. Mahmood*, No. 05-10071, 2008 WL 1849167, at *14 (S.D.N.Y.2008). Upon review, the Court finds that any RLUIPA claim that plaintiff may have regarding the SOTP is not cognizable in this action against defendant Alexander.

Moreover, the factual allegations set forth in the amended complaint clearly demonstrate that dismissal of the amended complaint is warranted. Plaintiff provided the transcript of his October, 2008 parole board hearing, which reveals that the commissioners considered and relied upon the statutory factors in making their determination. Noting the seriousness of plaintiff's offense as well as the violence of his criminal history, the parole commissioners stated that "[s]ince your last Board, you've incurred a Tier III ticket for creating a disturbance resulting in SHU time." *See* Dkt. No. 1 at p. 9 (Hearing Transcript at 10). It later appearing that this information regarding plaintiff's disciplinary record was, in fact, incorrect, the Division of Parole granted plaintiff a *de novo* hearing. *See* Dkt. No. 1 at 21(Ex. 4).

### III.   Conclusion

Based upon the foregoing, the Court finds that the amended complaint, as drafted, fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. This action must, therefore, be dismissed. Because the problem with plaintiff's cause of

action is substantive, such that better pleading will not cure it, leave to file a second amended complaint is denied as futile. *See Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In light of the dismissal of this action, plaintiff's *in forma pauperis* application and request for injunctive relief are denied as moot.

WHEREFORE, it is hereby

ORDERED, this action is dismissed without prejudice for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that plaintiff's request for injunctive relief (Dkt. No. 4) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: February 16, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge