UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
DONALD GRIFFIN,

                                                        Plaintiff,       9:09-CV-1334
                                                                           (TJM/DEP)

      v.

GEORGE ALEXANDER, Chairman, NYS Board of Parole,

                                                            Defendant.
--------------------------------------------------------
APPEARANCES:                                      OF COUNSEL:

DONALD GRIFFIN
Plaintiff, *pro se*
87-A-0320
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN            JUSTIN C. LEVIN, ESQ.
New York Attorney General                Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

THOMAS J. McAVOY, SENIOR DISTRICT COURT JUDGE

## DECISION and ORDER

**I.    Introduction**

Plaintiff *pro se* Donald Griffin commenced this action seeking redress for the alleged violation of his First Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000 *et seq*. ("RLUIPA"). Plaintiff claims that he was denied discretionary parole release following an appearance before Parole Commissioners Lemons and Hernandez in October, 2008, based upon his refusal to participate in his assigned prison program - the Sex Offender Counseling and Treatment Program ("SOCTP"). Dkt. No. 13

(Amended Complaint).[1]  Plaintiff states that he has refused to participate in the SOCTP because he believes that successful completion of that program would require him "to demonstrate acceptance of responsibility for conduct I and Jehovah God knows I am not guilty of." *Id*. at 3. As alleged by plaintiff, lying "would be in violation of my religious beliefs as a Jehovah's Witness." *Id*. at 4.

The sole defendant named in the amended complaint is George Alexander, Chairman of the New York State Division of Parole.  Dkt. No. 13 at 1.  The amended complaint seeks a declaratory judgment that Chairman Alexander violated plaintiff's statutory and constitutional rights by "condoning plaintiff being denied discretionary release to parole supervision, due to practicing his religious beliefs," and an injunction ordering defendant Alexander (or his successor) to "release plaintiff to discretionary parole supervision," and to "refrain from using plaintiff's program refusals based upon his religious beliefs against him relating to conditions for his release or while he is under parole supervision."  *Id*. at 6-7; Dkt. No. 15.

Plaintiff's request to proceed *in forma pauperis* was granted and service of process was effected on defendant Alexander.  Dkt. No. 17 at 6-7.  Defendant was directed to respond to plaintiff's motion for injunctive relief.

Plaintiff's motion for a preliminary injunction is presently before this Court for consideration.[2]

---

[1]  The parole determination stated that: "The Panel notes all relevant factors required by law, including your insightful and encouraging interview.  However, due to the seriousness of the instant offense, the violence of your criminal history and your refusal to program, release at this time is denied."  *See* Dkt. No. 1 at 11 (Transcript of 10/28/08 parole board appearance). The Parole Commissioners are not named as a defendants in this action.

[2]  In lieu of an answer, defendant Alexander filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 27.  Plaintiff has responded in opposition.  Dkt. No. 29.  Defendant's motion to dismiss has been referred to Magistrate Judge David E. Peebles for issuance of a Report-

**II.     Discussion**

A preliminary injunction "is an extraordinary remedy and should not be routinely granted."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted).  In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party.  *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted).  Where a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory, and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief.  *Id*.

> [W]here an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act –  the moving party must meet a higher standard than in the ordinary case by showing "clearly" that he or she is entitled to relief or that "extreme or very serious damage" will result from a denial of the injunction. . . .

*Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (internal citations and quotation omitted).  The decision "whether to grant or deny [injunctive relief] lies within the sound discretion of the district court."  *Patton*, 806 F.2d at 28.

By his motion, plaintiff seeks an order of this Court "requiring Defendant George Alexander his successor in office to cause plaintiff's release to parole supervision not subjected to

Recommendation.

3

conditions requiring plaintiff to violate his religious beliefs in the manner complained of herein." Dkt. No. 15 at 3. Plaintiff claims that the "parole board's written decision containing the words 'you continue to refuse programming due to your religious beliefs,' was in effect, a statement by the parole board that I must violate my religious beliefs (and become a liar to complete the refused program) or be continuously denied release to parole" in violation of his rights under the First Amendment and RLUIPA. Dkt. No. 15 at 6.

Defendant urges the denial of plaintiff's motion. Dkt. No. 28. Defendant argues, for substantially the same reasons relied upon in support of his pending motion to dismiss, that plaintiff has failed to demonstrate either irreparable harm or a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation. *See* Dkt. No. 28 at 5. Citing the determination of the parole board denying plaintiff parole release after the *de novo* hearing in January, 2010, defendant also maintains that "the balance of hardships tips decidedly in defendant's favor" and against the requested injunctive relief. *Id.*[3] Defendant urges denial of plaintiff's motion because his "demand to be released to parole

---

[3] On January 11, 2010, plaintiff appeared before Parole Commissioners Thompson, Ferguson, and Elovich. Following that hearing, plaintiff was denied parole release for the following reasons:

> After a careful review of your record and this interview it is the determination of this panel that if released at this time there is a reasonable probability that you would not live and remain at liberty without violating the law and your release at this time is incompatible with the welfare and safety of the community. This decision is based on the following factors: The serious nature of the IO's of robbery 1, robbery 2, GL 3, sexual abuse 1, burglary 1, prom. prison contraband and attempted assault 2 involved you acting in concert in gunpoint robberies where the female victims were in the company of small children. One of the victims was sexually abused. While incarcerated you attempted to cause injury to another with a metal bar. You've been denied an EEC. This is clearly an escalation of your criminal history. You expressed little remorse for the victims and minimize your responsibility for your actions. Note is also made of your positive programming. However, all factors considered, discretionary release is not warranted at this time as you lack respect for the property and safety of others and the law.

Dkt. No. 28 at 9-10.

supervision is not cognizable in this action commenced pursuant to section 1983 and RLUIPA." *Id*. at 6.

In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus – not a § 1983 action – provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment and seeks immediate or early release. *Id.* at 488-90; *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994). Based upon the foregoing, an order directing plaintiff's release from prison to parole supervision is beyond the purview of this Court in this action, and plaintiff's motion must therefore be denied.

Moreover, plaintiff has not made a "clear" or "substantial" showing of the likelihood of success on the merits of his claims regarding the denial of parole release.[4] Indeed, as defendant contends in support of his motion to dismiss, significant threshold issues exist regarding the sufficiency of the claims asserted in the amended complaint because "the parole determination about which plaintiff complains is null and void." *See* Dkt. No. 27-1 at 8. As alleged in the amended complaint, following the denial of parole release in October, 2008, plaintiff filed an administrative appeal and, thereafter, commenced a proceeding in New York state court pursuant to C.P.L.R. Article 78. Dkt. No. 13 at 4. In the course of the Article 78 proceeding, the Parole Board admitted that the Commissioners had relied on erroneous information regarding plaintiff's prison disciplinary record, and agreed to hold a *de novo* hearing. *Id*. at 4. In October, 2009, the

---

[4] Where an alleged deprivation of constitutional rights is involved, courts generally do not require a further showing of irreparable harm by the party seeking injunctive relief. *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir. 1984). The Second Circuit has suggested that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Paulsen v. County of Nassau,* 925 F.2d 65, 68 (2d Cir.1991) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)). In this case, plaintiff alleges that his right to free exercise of his religion has been impermissibly burdened. The Court has assumed, for purposes of this motion only, that plaintiff may suffer irreparable harm if the requested relief is not granted.

5

state court ordered the parole board to conduct a *de novo* hearing and denied the relief requested "in all other respects." *Id*. at 5.[5] While the resolution of the issues raised by defendant awaits the Court's consideration of his motion to dismiss, there is no basis in the present record upon which this Court could conclude that plaintiff has demonstrated that issuance of preliminary injunctive relief is warranted.[6]

Finally, the Court finds that the balance of hardship tips decidedly in the favor of the defendant. Following plaintiff's January, 2010 parole hearing, Commissioners Thompson, Ferguson, and Elovich denied release based upon their finding that "if released at this time there is a reasonable probability that [plaintiff] would not live and remain at liberty without violating the law and [plaintiff's] release at this time is incompatible with the welfare and safety of the community." *See* Dkt. No. 28 at 9-10 (quoted in full *supra* at note 3). The Commissioners made no mention of plaintiff's refusal to participate in the SOCTP. The Commissioners did, however, cite several specific factors upon which their decision was based. *Id*. There is no indication in the record that this determination has been called in to question, modified, or reversed, either on administrative review or by the state courts.

For all of the reasons set forth, plaintiff's motion for a preliminary injunction is denied.

---

[5] The Court is mindful of plaintiff's claim that the state court acted improperly in rendering the 2008 determination null and void without reaching the merits of his First Amendment and RLUIPA claims regarding the SOCTP. *See* Dkt. No.13 at 4-5; Dkt. No. 15 at 4; Dkt. No. 29 at 4-5. However, there is no indication in the record that plaintiff sought to appeal that state court decision.

[6] Any claim by plaintiff that he is entitled to declaratory relief regarding the Parole Board's consideration of his refusal to participate in the SOCTP as a basis for denying parole release or as a condition of his release, must necessarily await determination of defendant's motion to dismiss and, if that motion is denied, development of a factual record. Neither plaintiff's statement that participating in the SOCTP would force him "to demonstrate acceptance of responsibility for conduct I and Jehovah God knows I am not guilty of," (Dkt. No. 13 at 3), nor his claim on the SOCTP refusal form he signed on August 11, 2008 that "[d]ue to current Religion Beliefs I/m Griffin unable to participate (i.e. to not violate his consciention [sic] by lying") (Dkt. No. 13 at 8), affords a sufficient factual basis for addressing plaintiff's underlying claims regarding the SOCTP.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for preliminary injunctive relief (Dkt. No. 5) is **denied**; and it is further

ORDERED that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Date: March 10 , 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge