UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD GRIFFIN,

          **Plaintiff,**

  v.                                       9:09-CV-1334
                                             (TJM/DEP)
GEORGE ALEXANDER, Chairman,
New York State Division of Parole,

          **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

     This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). Plaintiff asserts that his right to freely exercise his religion, as protected under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and the First Amendment to the United States Constitution, was violated when he was denied parole as a result of his refusal to participate in the Sex Offender Counseling and Treatment Program ("SOCTP"). Plaintiff maintains that in order to participate in and successfully complete the SOCTP, an inmate must sign a form acknowledging that he committed the sexual acts for which he was convicted, and, during

1

the program, must discuss the crime and accept responsibility for it. Plaintiff asserts, however, that he did not commit one of the sexual acts of which he was accused and that it would be in contravention of his religious beliefs as a Jehovah's Witness to "lie" in order to complete the program. Plaintiff asserts that because participation in the SOCTP is a pre-condition to being paroled, his RLUIPA and First Amendment rights were violated when he was denied parole on October 28, 2008. Plaintiff seeks a judgment declaring that Defendant's October 28, 2008 parole denial constituted a violation of the RLUIPA and the First Amendment, and seeks a mandatory injunction directing his release on parole and precluding the Defendant from using his refusal to sign the form and/or successfully complete SOCTP as a basis to deny him parole.

In reviewing Defendant's motion to dismiss the Second Amended Complaint, Magistrate Judge Peebles concluded, *inter alia*, that: (1) the controversy is moot because Plaintiff challenges only his October 28, 2008 parole denial, but this determination was vacated by the New York Supreme Court and Plaintiff was afforded a subsequent *de novo* hearing that he has not challenged here, see Rep. Rec. pp. 13-15;[1] (2) Plaintiff's claims are precluded under the "favorable termination rule" of Heck v. Humphrey, 512 U.S. 477 (1994), id. pp. 19-20;[2] (3) the action, by which Plaintiff seeks his release on parole, should

---

[1] Magistrate Judge Peebles also concluded that the matter did not fit within the "capable of repetition, yet evading review" exception to the mootness doctrine.

[2] See McEachin v. Selsky, 225 Fed. Appx. 36, 37 (2d Cir. 2007)(unpublished)("Under the 'favorable termination rule' of Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994), if a determination favorable to the plaintiff in a 42 U.S.C. § 1983 suit 'would necessarily imply the invalidity of his conviction or sentence,' a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid in order to recover damages for an allegedly unlawful conviction under § 1983. In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997), the Supreme Court 'made clear that Heck's favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits.' Peralta v. Vasquez, 467 F.3d 98, 103 (2d Cir. 2006) (citing and discussing Edwards, 520 U.S. 641, 117 S. Ct. 1584). ").

2

have been brought as a *habeas corpus* petition, id. pp. 21-23; and (4) Plaintiff fails to allege legally cognizable First Amendment or RLUIPA claims. Id. pp. 23-30.

On the sufficiency of the allegations in the Second Amended Complaint, Magistrate Judge Peebles noted that the form that Plaintiff was required to sign[3] provides that the inmate is "not required to admit the commission of a particular crime, whether it resulted in the present commitment or not." The form further provides that "for successful program participation, [the inmate] may discuss [his] behavior in general terms without providing the full names of victims, without disclosing exact dates, times, and places of various sexual offending behavior, and without admitting to any specific crime or violation of any specific section of the Penal Law." While the form also provides that the inmate "must openly and honestly discuss the behavior that resulted in [the inmate's] incarceration and referral to the program, demonstrate acceptance of responsibility for the conduct that resulted in [his] criminal conviction and demonstrate an understanding of [the inmate's] sexual behavior and cycle of abuse," Plaintiff has admitted to committing one sexual offense[4] albeit denying another. Because Plaintiff has admitted committing one sexual offense, he would not have to "lie" in order to comply with the requirements of the SOCTP. Magistrate Judge Peebles concluded that Plaintiff cannot demonstrate that his religious beliefs have been substantially burdened by participation in the SOCTP and, therefore, he fails to make out a plausible First Amendment claim. Id. pp. 23-28. For similar reasons, Magistrate Judge Peebles concluded that Plaintiff has failed to demonstrate a plausible

---

[3] (the form is attached to the Second Amended Complaint as an exhibit)

[4] (stating that he has "long since admitted his guilt for the robberies. . . and [one of] the sexual abuse charges against him.")

3

RLUIPA claim. Id. pp. 28-30.

Magistrate Judge Peebles recommended that the Second Amended Complaint be dismissed but that, because Plaintiff seeks his release from prison on parole, Plaintiff be given thirty (30) days in which to advise the Court whether he wishes to convert the Complaint to a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2254. Id. pp. 33-36, 38-39.  Plaintiff has filed objections, pointing to certain portions of Magistrate Judge Peebles' Report, Recommendation and Order which he contends are erroneous.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).   After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

To the extent that the Second Amended Complaint could be liberally construed as *only* challenging the requirements of the Sex Offender Counseling and Treatment Program and not Plaintiff's underlying conviction or the overall length of his prison term, the action would not be barred by Heck v. Humphrey.  See McEachin v. Selsky, 225 Fed. Appx. 36, 37 (2d Cir. 2007)(Heck's rule . . .  does not preclude a § 1983 claim aimed at sanctions that do not affect the overall length of confinement.")(citing Muhammad v.

4

Close, 540 U.S. 749, 754, 124 S. Ct. 1303, 158 L. Ed.2d 32 (2004); Jenkins v. Haubert, 179 F.3d 19, 21 (2d Cir. 1999))(unpublished); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'")(citations omitted); Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)(Courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest.").  When employing this same liberal reading of the Second Amended Complaint, the action would not present a moot question inasmuch as Plaintiff may be eligible for parole in the future and the same issue may arise.

However, such a liberal reading of the Second Amended Complaint is unwarranted given the specific allegations concerning the Parole Board's October 28, 2008 parole denial and Plaintiff's demand that he be granted parole because the October 28, 2008 decision violated his right to freedom of religion.  Moreover, and assuming arguendo that such a liberal reading is employed, the Court agrees with Magistrate Judge Peebles that Plaintiff fails to allege plausible First Amendment or RLUIPA claims.  Accordingly, the claims can be dismissed on this basis alone.  Still further, inasmuch as Plaintiff seeks to alter the fact or duration of his custody, such relief may only be obtained by way of a *habeas corpus* petition. See Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) ("*habeas corpus* -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment . . . .") (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)).

Thus, as recommended by Magistrate Judge Peebles, Plaintiff's claims are dismissed and he is granted leave of thirty (30) days to advise the Court whether he wishes to convert the Second Amended Complaint to a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2254.  If Plaintiff chooses to convert the Second Amended Complaint to a *habeas corpus* petition, he will be granted leave in order to file a proper *habeas corpus* petition. Plaintiff is advised that a person is generally afforded only one *habeas corpus* petition unless a second petition involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. Accordingly, all potential claims must generally be included in the initial *habeas corpus* petition.  If Plaintiff does not advise the Court within thirty (30) days of the date of this Decision and Order that he desires to convert the matter to a *habeas corpus* petition, the case will be dismissed without further order from the Court.

## IV.    CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Peebles' Report, Recommendation, and Order.  Therefore, Defendant's motion to dismiss Plaintiff's complaint (Dkt. No. 27) is **GRANTED**, and Plaintiff's complaint is **DISMISSED** in its entirety with leave to convert his complaint to a *habeas corpus* petition.  Plaintiff is given thirty (30) days from the date of this Decision & Order to advise the Court  if he desires to convert the complaint to a *habeas corpus* petition brought pursuant to 28 U.S. C. § 2254, and if so, he will be granted additional leave so that he may file a proper petition. If Plaintiff does not advise the Court within thirty (30) days of the date of this Decision and Order that he desires to convert the matter to a *habeas corpus* petition, the case will be dismissed

6

without further order from the Court.

**IT IS SO ORDERED**

**Dated:** September 14, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge